## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-62055 |
| | : | |
| ANTHONY JAMES GARMAN | : | JUDGE RUSS KENDIG |
| | : | |
| Debtor | : | |
| | : | |
| * * * * * * * * * | : | |
| | : | |
| HOLLY N. ANDERSON | : | |
| | : | ADVERSARY NO.17-06022 |
| Plaintiff | : | |
| | : | |
| vs. | : | PLAINTIFF'S MOTION FOR |
| | : | SUMMARY JUDGMENT |
| ANTHONY JAMES GARMAN | : | PURSUANT TO FED.R. 56 |
| | : | |
| Defendant | : | |

Now comes the Plaintiff, by and through counsel, and hereby moves this Court for summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure. The pleadings establish there is no genuine issue as to any material fact regarding certain material acts of the Defendant constituting fraud or otherwise such as to make Defendant's debt to Plaintiff non-dischargeable in bankruptcy. Therefore, Plaintiff is entitled to summary judgment as a matter of law. The Memorandum in Support and other attachments are incorporated herein by reference.

Respectfully submitted,

/s/ G. Ian Crawford
G. Ian Crawford (0019243)
Crawford & Lowry, L.L.C.
116 Cleveland Ave. NW, Suite 800
Canton, Ohio 44702
Phone: (330) 452-6773
Fax: (330) 452-2014
Email: icrawford@crawford-lowry.com

- 1 -

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion and any attachments was sent via U.S. Mail to the following party on the manual notice list: PRA Receivables Management, LLC, P.O. Box 41021, Norfolk, VA 23541 as well as electronically transmitted on or about this 3rd day of November, 2017, via the Court's CM/ECF system to the following parties who are listed on the Court's Electronic Mail Notice List:

| | |
|---|---|
| Lisa M. Barbacci, Trustee - Canton | barbaccitrustee@gmail.com, lbarbacci@ecf.epiqsystems.com |
| Edwin H. Breyfogle | edwinbreyfogle@gmail.com |
| Laura L. Mills | lmills@mmfllaw.com, lkaras@mmfllaw.com |
| Anne Piero Silagy | asilagycourt@neo.rr.com, asilagy@ecf.epiqsystems.com |
| United States Trustee | (Registered address)@usdoj.gov |
| Jason K. Wright | jwright@weltman.com, ecfndoh@weltman.com |

*/s/ G. Ian Crawford*
G. Ian Crawford (0019243)

## NOTICE

In accordance with LBR 9013-1, you are hereby notified that any objection must be filed within 14 days, or such other time as specified by applicable Federal Rule of Bankruptcy Procedure or statute or as the Court may order, from the date of service as set forth on the certificate of service, if the relief sought is opposed, and that the Court is authorized to grant the relief requested without further notice unless a timely objection is filed.

*/s/ G. Ian Crawford*
G. Ian Crawford (0019243)

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION.

Plaintiff Holly N. Anderson filed an action March 4, 2013 in the Stark County Common Pleas Court (case number 2013-CV-00660) against Defendant Anthony J. Garman (hereinafter "Defendant" or "Debtor") seeking recovery on a number of causes of action, including fraudulent misrepresentation as well as violations of Ohio's Consumer Sales Practices Act, R.C. §1345.01 *et seq.* (hereinafter "CSPA"). Initial notice of the settlement of said action was filed the morning originally set for trial to begin. On or about October 18, 2013 the terms of the settlement were incorporated into the record via a combined "Consent Judgment Order and Entry" and corresponding "Settlement Agreement" (copies of the aforesaid combined filing are attached both to the Adversarial Complaint and here as "Exhibit One").

Following a series of defaults under the Settlement Agreement and revisions thereto, the Stark County Court of Common Pleas filed the pre-prepared and executed "Revised Consent Judgment Order and Entry" as well as a "Judgment Entry [Enforcing Default Provisions of Settlement Agreement, etc.]" (copies of these two "Pending Entries" are attached both to the Adversarial Complaint and here as "Exhibit Five" and "Exhibit Six", respectively) on January 27, 2015.

Debtor remains liable to Anderson on the Pending Entries as of September 25, 2017 in the amount of $13,450.85 plus attorney fees, future interest at the statutory rate and as otherwise provided under Ohio law.

Defendant filed for relief under Chapter 7 of the U.S. Bankruptcy Laws on or about September 15, 2017 (Case No. 17-62055) in an effort to discharge the majority of his debts. Plaintiff is listed as an unsecured creditor with no provision for payments to her. Plaintiff

17-06022-rk    Doc 6    FILED 11/03/17    ENTERED 11/03/17 11:35:34    Page 3 of 24

objects to the Defendant's attempt to discharge his debt and filed the within adversarial proceeding.

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §157 and 1334 and 11 U.S.C. §523. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(6) and a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A)(I) and (O). Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

There is no real dispute of fact before the court. As a part of the aforesaid Pending Entry (page 2, Exhibit Five), the Debtor/Defendant specifically admitted:

> "During the course of his dealing with PLAINTIFF in the underlying transaction, DEFENDANT committed unfair and deceptive acts or practices in violation of the Consumer Sales Practices, including (without limiting the generality of the foregoing) violation of ORC §1345.02(B)(5) and ORC §1345.02(B)(10) as well as fraudulently misrepresenting: (A) the standard or quality of the workmanship performed on PLAINTIFF's residence; and (B) the nature and extent of DEFENDANT's written ten year warranty."

There is no reason to re-litigate the state court's findings for nondischargeability purposes. Indeed the Debtor/Defendant is barred by principles of res judicata and/or collateral estoppel from re-litigating the underlying claim.


II. LAW AND ARGUMENT.

    A. Summary Judgment in General.

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Federal Rule of Civil Procedure 56(c). The burden rests initially with the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party appears to meet this burden, the opposing party must produce evidence that raises a material question of fact to defeat the motion. *See* Fed.R.Civ.P. 56(e). This evidence may not consist of "mere conclusory allegations, speculation or conjecture[.]" *Cifarelli v. Village of Babylon,* 93 F.3d 47, 51 (2d Cir.1996). The mere existence of some peripheral factual disputes will not defeat an otherwise properly supported motion for summary judgment. *Anderson,* 477 U.S. at 247, 106 S.Ct. 2505. "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. 2505. In deciding the motion, all inferences from, and ambiguities in, the underlying facts are to be resolved in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Only when reasonable minds could not differ as to the import of the proffered evidence is summary judgment proper. *See Anderson,* 477 U.S. at 250-52, 106 S.Ct. 2505.

As demonstrated *infra,* there are no genuine issues as to the Defendant's fraudulent conduct or the nondischargeability of Defendant's debt to the Plaintiff. Reasonable minds can only come to one conclusion on these issue and that conclusion is adverse to the Defendant. Accordingly, the Plaintiff is entitled to judgment as a matter of law on these issues.

B. <u>Applicability of Summary Judgment in the Case at Bar.</u>

1. <u>Claim for Relief under 11 U.S.C. §523(a)(2)</u>

11 U.S.C. §523(a)(2) provides that "A discharge under … this title does not discharge an individual debtor from any debt— … (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by— (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;…"

The Defendant knowingly made false statements, misrepresentations and omissions in relation to the installation of a new roof and siding on the Plaintiff's residence and corresponding warranties – all of were the subject of the underlying litigation in the Stark County (Ohio) Court of Common Pleas. The Defendant's false statements and other fraudulent conduct proximately caused the losses suffered by the Plaintiff. As already noted above, by virtue of a prior judicial determination, the Defendant was found to have committed deceptive acts "as well as fraudulently misrepresenting: (A) the standard or quality of the workmanship performed on Plaintiff's residence; and (B) the nature and extent of the Defendant's written ten year warranty." **The Consent Judgment Order and Entry finding that the Defendant was fraudulent in his dealings with the Plaintiff was approved by the Defendant personally as well as by Defendant's counsel** (see Exhibit Five, Page 4). The Defendant did not file a timely appeal of this entry and it remains a subsisting judgment against him.

In the Answer of Defendant filed herein on October 26, 2017, the Defendant admits to many of the substantive allegations of current Complaint. Significantly, the Defendant admitted that the various exhibits attached to the Complaint are true and accurate copies of the various agreements and entries he signed – wherein the Defendant specifically admitted to committing deceptive acts and **fraudulent** misrepresentation. Consequently the denials contained in the

– 6 –

Answer of Defendant are functionally worthless. The only hint of a true defense is in the Defendant's repeated assertion that a violation of the CSPA is not a per se violation of 11 U.S.C. §523. If, *arguendo*, the Plaintiff conceded this one point, the Defendant's specific admissions of fraudulent conduct nonetheless place him squarely within the parameters of 11 U.S.C. §523(a)(2). Additionally, as discussed in more detail below, the Defendant is estopped from re-litigating the matters resolved in the state court action.

As a result, the Court should find that the underlying state judgment is a nondischargeable pursuant to 11 U.S.C. §523(a)(2) and thereby grant the Plaintiff summary judgment.

### 2. Claim for Relief under 11 U.S.C. §523(a)(6)

11 U.S.C. §523(a)(6) provides that "A discharge under ... this title does not discharge an individual debtor from any debt— ... (6) for willful and malicious injury by the debtor or another entity or to the property of another entity;"

As set forth above, the Defendant specifically admitted to fraud, an intentional tort, as well as a litany of other misdeeds in the underlying litigation that admittedly caused damages to the Plaintiff. Therefore, the Court should grant the Plaintiff summary judgment and further find that the underlying state judgment is a nondischargeable pursuant to 11 U.S.C. §523(a)(6).

### 3. Res Judicata and Collateral Estoppel

Res judicata "bars further claims by parties or their privies based on the same course of action." See *Brown v. Felsen*, 442 U.S. 127, 131 (1979) citing *Montana v. United States*, 440 U.S. 147, 153 (1979). Essentially, if a claim has already been decided by a court, it shouldn't be redetermined. Arguably the doctrine of res judicata does not unilaterally preclude a bankruptcy

17-06022-rk    Doc 6    FILED 11/03/17    ENTERED 11/03/17 11:35:34    Page 7 of 24

court from considering the nondischargeability of a debt (*Brown, supra*, at 138), but the Plaintiff need not rely solely on res judicata to prevail with this Motion.

Under the doctrine of collateral estoppel, once an issue has been actually determined by a court of competent jurisdiction, that determination is conclusive in subsequent litigation based on a different cause of action involving a party to the prior litigation. See *Federal Trade Commission v. Wright (In re Wright)*, 187 B.R. 826, 831 (D. Conn. 1995); *Freer v. Weinstein (In re Weinstein)*, 173 B.R. 258, 267 (Bankr. E.D.N.Y. 1994). The doctrine of collateral estoppel is a judicially created doctrine that serves the dual purpose of protecting parties from relitigating identical issues with the same party or a person in privity and promoting judicial economy by preventing needless litigation. See *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994); *Fort Frye Teachers Ass'n, OEA/NEA v. State Emp't Relations Bd.*. 81 Ohio St.3d 392, 395 (1998) ("[A] fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.") citing *Norwood v. McDonald*, 142 Ohio St. 299 (1943) (other citations and references omitted).

Moreover, collateral estoppel *is* available to a party such as Plaintiff in dischargeability actions. See *Grogan v. Garner*, 498 U.S. 279 (1991); *Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315 (1997); *Spillman v. Harley*, 656 F.2d 224 (1981); *Weinstein, supra*. Under the charge of the Full Faith and Credit clause of the United States Constitution, Article IV, § 1, and its statutory codification, 28 U.S.C. § 1738, federal courts give full faith and credit to state court judgments in the same manner a state court affords the judgment preclusive effect.

- 8 -

See also *Calvert, supra,* 105 F.3d 315. Thus, whether collateral estoppel can be used to preclude issues must be reviewed under Ohio law.

> In Ohio four conditions must be established to invoke the collateral estoppel doctrine:

> > 1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; 2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment; 3) The issue in the present suit must have been identical to the issue in the prior suit; 4) The party against whom estoppel is sought was a party or in privity with the party to the prior action.

*Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186 (B.A.P., 6th Cir. 2002) (citations omitted). As discussed below, the state court entries in question satisfy all of the conditions for application of the collateral estoppel doctrine in the instant case.

The parties involved had an opportunity to litigate the issues in the state court, but chose to settle the matter the day the trial was set to begin. The consent judgment and associated documents was a final adjudication of their conflict. "Consent decrees have the same *res judicata* and collateral estoppel effects as judgments resolving disputed issues." *Scott v. City of East Cleveland*, 16 Ohio App.3d 429, 431 (1984) (citing *Home v. Woolever*, 170 Ohio St. 178, 182 (1959); *Columbus v. Stilson & Assoc.*, 90 Ohio App.3d 608 (Ohio App. 10 Dist. 1993)).

In considering whether the second criterion this Court can again find guidance in Ohio law. In *Sponseller v. Sponseller*, 144 N.E. 48 (1924) there was an agreement between a husband and a wife, in the process of a dissolution, who agreed to an alimony award of real property to the wife. The land was later subject to a partition action in which the husband attempted to collaterally attack the alimony award. The Ohio Supreme Court opined on the nature of consent judgments and stated:

> > the law has been broadly laid down that as between parties sui juris, and in the absence of fraud, a judgment or decree of a court having jurisdiction of the

- 9 -

17-06022-rk    Doc 6    FILED 11/03/17    ENTERED 11/03/17 11:35:34    Page 9 of 24

subject-matter, and rendered by consent of the parties, though without any ascertainment by the court of the truth of the facts averred, is as binding and conclusive between the parties and their privies as if the suit had been an adversary one, and the conclusions embodied in the decree had been rendered upon controverted facts and due consideration thereof by the court.
15 Ruling Case Law, pp. 643-646.

*Sponseller* at 400.

Likewise in *Gilbraith v. Hixson*, 32 Ohio St.3d 127 (1987), Mr. Gilbraith was established to be the parent of a minor child as acknowledged in the parties' separation agreement and by consensual entry in a legitimization proceeding in probate court. Yet he later attempted to challenge his parentage based on mistake when he was sued for child support arrears. Although mainly addressing issues of res judicata, the Ohio Supreme Court confirmed its *Sponseller* position. "Implicit in the rule is the recognition that a judgment entered by consent, although predicated upon an agreement between the parties, is an adjudication as effective as if the merits had been litigated and remains, therefore, just as enforceable as any other *validly* entered judgment." *Gilbraith* at *129* (citing *Sponseller,* 110 Ohio St. 399 and *Ohio State Medical Bd. v. Zwick,* 59 Ohio App.2d 133, 139-140 (1978)). The Ohio Supreme Court posits that a consent decree is a ruling by the court equivalent to an entry following litigation. The pronouncements from the Ohio Supreme Court directly speak to the conclusion that the findings in an agreed judgment are deemed to have been actually litigated.

The third criterion states that the issue must not merely have been actually litigated, but also necessary to the final judgment. Herein the Plaintiff presents two potential avenues for a determination of nondischargeability: (1) a misrepresentation/fraud claim under section 523(a)(2); and (2) a section 523(a)(6) claim for willful and malicious injury. The Plaintiff need only establish one of these. This Court must determine whether the factual issues in the state court proceeding were applied using standards identical to those in the dischargeability

- 10 -

proceedings. *Longbrake v. Rebarchek (In re Rebarchek),* 293 B.R. 400, 407-8 (Bankr. N.D. Ohio 2002) (citing *Spilman,* 656 F.2d at 226 (other citations omitted)).

As the court in *Rebarchek* pointed out, 523(a)(2) nondischargeability claims and claims for violations of the CSPA are not necessarily identical. However, the factual findings in *Rebarchek* were sufficient to support a nondischargeability finding. The Court should come to the same conclusion in this case. Moreover, in this case, the Defendant specifically admitted to fraudulent conduct *in addition* to CSPA violations.

Section 523(a)(2) actions require proof of the following:

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Rembert v. AT&T Universal Card Svcs. (In re Rembert),* 141 F.3d 277, 280-81 (6th Cir. 1998) (citing *Longo v. McLaren (In re McLaren)* 3 F.3d 958, 961 (6th Cir.1993)). In the instant case, the state court consent judgment contains findings to support each and every element of a section 523(a)(2) claim.

As stated in paragraph eight of the judgment:

> During the course of his dealing with PLAINTIFF in the underlying transaction, DEFENDANT committed unfair and deceptive acts or practices in violation of the Consumer Sales Practices, including (without limiting the generality of the foregoing) violation of ORC §1345.02(B)(5) and ORC §1345.02(B)(10) as well as fraudulently misrepresenting: (A) the standard or quality of the workmanship performed on PLAINTIFF's residence; and (B) the nature and extent of DEFENDANT's written ten year warranty."

(Exhibit Five). Moreover, the subject settlement agreement specifically anticipated the Defendant might file for bankruptcy relief, stating at Section 4:

> The parties further agree that in the event of any bankruptcy filing by the Defendant, the findings of fact set forth in the Consent Order shall be and hereby are stipulated to by the Defendant in any bankruptcy proceedings, including (without limiting the generality of

the foregoing) any adversarial proceeding or other objection to discharge filed by the Plaintiff.

and in Section 10 of that agreement:

> This Agreement shall be interpreted and construed liberally in favor of the Plaintiff and so as to otherwise effect the purposes of Ohio's consumer protection laws.

(see Exhibit Two).

Plaintiff has clearly been financially damaged as a result of the underlying conduct of the Defendant as well as his subsequent failure to fully satisfy the judgment.

The proof for a fraudulent misrepresentation claim under Ohio law is nearly identical to that of a 523(a)(2) action under the bankruptcy code. The required elements are:

> (1) a representation or, when there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard as to whether it is true or false that such knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) with justifiable reliance on the misrepresentation or concealment, and (6) an injury proximately caused by that reliance.

*Deutsche Bank Nat'l Trust Co. v. Pevarski,* 187 Ohio App.3d 455 (Ohio App. 4th Dist. 2010) (citing *Gaines v. Preterm-Cleveland. Inc.*, 33 Ohio St.3d 54 (1987); *Burr v. Stark Cty. Bd. of Commrs.,* 23 Ohio St.3d 69 (1986), at paragraph two of the syllabus)). Since the consent judgment references the Defendant's fraudulent misrepresentation, and outlines the specific facts of those actions, and a claim for fraudulent misrepresentation under Ohio law is nearly identical to the proof required under the bankruptcy code, the court should conclude that the Pending Entries do satisfy the third condition for application of collateral estoppel.

The parties to the nondischargeability action are identical to the parties involved in the underlying state court lawsuit. Thus, the fourth and final criterion – mutuality – is established as well.

As a result, all four prongs of the *Sweeney* test are satisfied and there is no other analysis required for the Plaintiff to prevail.

Upon a finding that the four collateral estoppel conditions are satisfied, at a minimum collateral estoppel is available for the Plaintiff to prevail. Application of this doctrine results in the conclusion that the factual issues were litigated previously and cannot be re-litigated in this court. Since the findings in the Pending Entries (as stipulated to by the Defendant) are the same findings which would support a finding of nondischargeability under section 523(a)(2), the Plaintiff count for nondischargeability is meritorious. The underlying debt is non-dischargeable.

III.   CONCLUSION

The record in this case establish the material facts supporting this Motion.  The Plaintiff is entitled to judgment as a matter of law and -- even viewing the evidence most strongly in favor of the Debtor/Defendant -- reasonable minds can come to but one conclusion.  Under the circumstances presented, the Defendant's debt to the Plaintiff in the amount of $13,450.85 as of September 25, 2017 (plus continuing interest, etc.) is not dischargeable pursuant to 11 U.S.C. §523(a)(2) and/or (6).  The Court should grant summary judgment in favor of the Plaintiff, assess the cost of this proceeding against the Debtor/Defendant and otherwise file an entry allowing the Plaintiff to proceed to collect on the Debtor/Defendant's debt to her notwithstanding filings for relief made to this Court.

Respectfully Submitted:

*/s/ G. Ian Crawford*
G. Ian Crawford (0019243)
Crawford & Lowry, L.L.C.
116 Cleveland Avenue N.W., Suite 800
Canton, OH  44702
Phone:  (330) 452-6773;  Fax:  (330) 452-2014
icrawford@crawford-lowry.com
*Attorney for Plaintiff*

# EXHIBIT ONE



IN THE COURT OF COMMON PLEAS
STARK COUNTY, OHIO

| | | |
|---|---|---|
| HOLLY N. ANDERSON | : | Case No. 2013 CV 00660 |
| | : | |
| Plaintiff | : | Judge John Haas |
| | : | |
| vs. | : | |
| | : | **CONSENT ENTRY** |
| ANTHONY J. GARMAN | : | |
| | : | **REGARDING SETTLEMENT** |
| Defendant | : | |

This Court has been informed by the parties of an agreement between them to settle this matter pursuant to the terms of a separate Settlement Agreement.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

A.   The parties have entered into a separate Settlement Agreement resolving all matters in dispute in this action provided that the terms of the Settlement Agreement are fully complied with.

B.   It is ORDERED and the parties agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing compliance with the terms of the Settlemetn Agreement.

C.   It is further ORDERED that Defendant shall pay all court costs associated with this matter.

00659175-1 / 22210.00-0002

**IT IS SO ORDERED.**

_____
_Judge_ Haas

Approved:

_____
Holly Anderson, Plaintiff

_____
Anthony J. Garman, Defendant

\*       \*       \*

Approved by counsel as to form and content

_____
G. Ian Crawford (0019243)
_Attorney for Plaintiff_
CRAWFORD, LOWRY & ASSOCIATES, LLC
116 Cleveland Ave. NW, Suite 800
Canton, Ohio 44702
_Phone:_ 330-452-6773
_Fax:_ 330-452-2014
icrawford@crawford-lowry.com

_____
Matthew R. Hunt (0083836)
John A. Burnworth (0077151)
_Attorney for Defendant_
KRUGLIAK, WILKINS, GRIFFITHS &
   DOUGHERTY CO., LPA
4775 Munson St. NW
Canton, OH 44735
Phone: 330-497-0700
Fax: 330-497-4020
mhunt@kwgd.com
jburnworth@kwgd.com

17-06022-rk   Doc 6   FILED 11/03/17   ENTERED 11/03/17 11:35:34   Page 17 of 24

NANCY S. REINBOLD
CLERK OF COURTS
STARK COUNTY, OHIO

2015 JAN 27 PM 1:50



IN THE COURT OF COMMON PLEAS
STARK COUNTY, OHIO

HOLLY N. ANDERSON          :          Case No. 2013 CV 00660
                          :
              Plaintiff    :          Judge John Haas
                          :
    vs.                    :
                          :     **REVISED CONSENT JUDGMENT**
ANTHONY J. GARMAN          :
                          :          **ORDER AND ENTRY**
              Defendant    :

Pursuant to the Agreement (with effective date of September 16, 2013 and as amended effective January 21, 2014)entered into between the Parties, and the subsequent default of said Agreement by Defendant, Anthony Garman, the parties hereby agree to the following Findings and Judgment in favor of Plaintiff, Holly Anderson and against Defendant:

**FINDINGS**

The parties specifically agree to the following findings:

1.      DEFENDANT solicited consumers for the installation of roofing and siding in Stark County, Ohio.

2.      This Court is the proper venue to hear this case pursuant to Ohio Civ.R. 3(B).

SCANNED

ENTERED BY. 8

00747835-1 / 22210.00-0002

3.    This Court has both personal and subject matter jurisdiction in this action, including jurisdiction over the subject matter of this action pursuant to the Ohio Consumer Sales Practices Act, R.C. §1345.01, *et seq.*

4.    PLAINTIFF is and was at all times pertinent hereto a "consumer" as defined in the Consumer Sales Practices Act, §1345.01(D) of the Ohio Revised Code.

5.    DEFENDANT is and was at all times pertinent hereto a "supplier" as defined at §1345.01(C) of the Ohio Revised Code.

6.    The underlying transaction between PLAINTIFF and DEFENDANT was a "consumer transaction" as defined in the Consumer Sales Practices Act, §1345.01(A) of the Ohio Revised Code.

7.    During the course of his dealing with PLAINTIFF in the underlying transaction, DEFENDANT committed unfair and deceptive acts or practices in violation of the Consumer Sales Practices, including (without limiting the generality of the foregoing) violation of ORC §1345.02(B)(5) and ORC §1345.02(B)(10) as well as fraudulently misrepresenting: (A) the standard or quality of the workmanship performed on PLAINTIFF's residence; and (B) the nature and extent of DEFENDANT's written ten year warranty.

8.    PLAINTIFF was damaged by the foregoing acts of DEFENDANT.


**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

A.    Defendant shall pay to Plaintiff the amount of $25,000 minus any amount paid to Plaintiff pursuant to the Agreement of the parties, plus interest at a statutory rate from the effective date of the original Agreement.

B.    This Court shall retain jurisdiction over this matter for the purpose of enforcing compliance with the terms of the Agreement.

C.    It is further ORDERED that Defendant shall pay all court costs associated with this matter.

**IT IS SO ORDERED.**

Judge Haas

00747835-1 / 22210.00-0002                    2

00747835-1 / 22210.00-0002          3

Approved:

_____          _____
Holly Anderson, Plaintiff                         Anthony J. Garman, Defendant

*  *  *

Approved by counsel as to form and content

_____          _____
G. Ian Crawford (0019243)                        Matthew R. Hunt (0083836)
*Attorney for Plaintiff*                             John A. Burnworth (0077151)
CRAWFORD, LOWRY & ASSOCIATES, LLC    *Attorney for Defendant*
116 Cleveland Ave. NW, Suite 800              KRUGLIAK, WILKINS, GRIFFITHS &
Canton, Ohio 44702                                    DOUGHERTY CO., LPA
Phone: 330-452-6773                              4775 Munson St. NW
Fax: 330-452-2014                                  Canton, OH 44735
icrawford@crawford-lowry.com                  Phone: 330-497-0700
                                                            Fax: 330-497-4020
                                                            mhunt@kwgd.com
                                                            jburnworth@kwgd.com

**EXHIBIT SIX**

NANCY S. REINBOLD
CLERK OF COURTS
STARK COUNTY, OHIO

IN THE COURT OF COMMON PLEAS
STARK COUNTY, OHIO

2015 JAN 27 PM 1:58

HOLLY ANDERSON

        Plaintiff

vs.

ANTHONY J. GARMAN, et al.

        Defendants

:
:
:
:
:
:
:
:
:
:

Case No. 2013 CV 00660

Judge Haas

**JUDGMENT ENTRY**
**[Enforcing Default Provisions of**
**Settlement Agreement, etc.]**

This matter comes before the Court on Plaintiff's Notice of Breach of Settlement and

Motion to Enforce Settlement filed January 5, 2015, which was submitted along with a "Consent

Judgment Order and Entry pre-approved by the parties and their counsel.

Upon the Court's review, the Court finds Defendant Anthony J. Garman d.b.a. Anthony

Roofing, to be in material breach of the Revised Settlement Agreement dated January 21, 2014,

for failure to make timely payments as required by the agreement, which constitutes a material

breach of the aforesaid Revised Settlement Agreement triggering the default provisions contained

therein.

It is, therefore, further ORDERED that Defendant:

a.      be and hereby is permanently enjoined from engaging in the acts or practices

described at page 2, paragraph 7 of the Consent Judgment Entry and Order [violation of ORC

§1345.02(B)(5) and ORC §1345.02(B)(10) as well as fraudulently misrepresenting: (i) the

standard or quality of the workmanship performed on Plaintiff's residence; and (ii) the nature and

extent of Defendant's written ten year warranty];

b.      pay the original $25,000.00 judgment [minus credit for payments made to date in

the amount of $13,000.00 with statutory interest on the unpaid balance from September 16,

2013];

SCANNED.

ENTERED BY: §

c.     pay all outstanding costs as well as any new costs (including court costs and attorney fees) associated with this action to enforce the settlement in an amount to be determined and rendered by separate entry;

d.     pay the total amount due ($12,000.00), together with interest (currently $470.47), costs and attorney's fees (of not less than $500.00), within thirty (30) days of the journalization of the aforesaid Consent Judgment Order and Entry.

Dated this _____ day of _____. 20 _____.


_____
Judge John G. Haas