**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 08:45 AM December 8, 2017**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ANTHONY JAMES GARMAN | ) | CASE NO. 17-62055-rk |
| | ) | |
| Debtor. | ) | ADV. NO. 17-6022-rk |
| _____ | ) | |
| HOLLY ANDERSON | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| ANTHONY J. GARMAN | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| Defendant. | ) | |

Now before the court is Plaintiff's motion for summary judgment brought pursuant to Bankruptcy Rule 7056. Defendant opposes the motion.

The court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b) and the general order of reference entered by the United States District Court on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(I) and the court has authority to issue

1

final entries. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Defendant was the sole owner and operator of Anthony Roofing. On or about March 9, 2011, Plaintiff entered into a consumer transaction with Defendant, agreeing to hire him to replace her roof and perform related work on her house. Defendant agreed. As Plaintiff was a "consumer", and Defendant a "supplier", as defined in the Consumer Sales Practices Act of the Ohio Revised Code, Defendant's agreement warranted that his work would be completed in a good and workmanlike manner. The installation followed, although Plaintiff and Defendant do not agree on whether or not the installation was completed, or merely qualifies as an "attempt."

On or about March 16, 2011, Plaintiff again engaged Defendant for construction purposes, this time to install new siding on her house and complete related work. The agreement was again subject to the Consumer Sales Practices Act and its guarantees. Once more, the installation was undertaken, with the parties disagreeing about its degree of completion.

Plaintiff has paid Defendant in full for the work to be performed in both transactions. In both instances, Plaintiff alleges that Defendant tried to cure the defects and complete a proper installation, but was unable to do so, in violation of his warranty.

Plaintiff alleges that neither of these projects were completed in the requisite workmanlike manner, and in 2013 filed suit against Defendant in the Stark County Court of Common Pleas under the Consumer Sales Practices Act. The case never went to trial; instead, the parties agreed to a Settlement Agreement and Release, filed on October 18, 2013. In pertinent part, Defendant agreed that he had "committed unfair and deceptive acts or practices, in violation of the Consumer Sales Practices . . . as well as fraudulently misrepresenting . . . the standard or quality of the workmanship performed on Plaintiff's residence, and . . . the nature and extent of Defendant's written ten year warranty." Consent Judgment Order and Entry, p. 2. The agreement also authorized Plaintiff to file a Consent Order in case of default, and made Defendant liable for costs associated with any legal action stemming from such default. Anticipating the possibility that Defendant would file for bankruptcy, the agreement also contained a clause providing that "in the event of any bankruptcy filing by the Defendant, the findings of fact set forth in the Consent Order shall be and hereby are stipulated to by the Defendant in any bankruptcy proceeding, including . . . any adversarial proceeding or other objection to discharge filed by the Plaintiff." Settlement Agreement, p. 2.

On December 24, 2013, Plaintiff filed a Notice of Breach of Settlement and Motion to Enforce Terms of Default, Etc. This resulted in a revision of the agreement and corresponding consent entry, which were filed on February 14, 2014. The key terms were effectively unchanged.

The following year, Plantiff filed another notice of breach, resulting in the filing of a second Revised Consent Judgment Order and Entry on January 27, 2015. Again, there were no substantive changes relevant to the instant case. Since the second judgment, Defendant has not made nor made provision for any payments to Plaintiff.

Defendant filed a petition for bankruptcy under Chapter 7 on September 15, 2017. The plan associated with this bankruptcy case does not provide for any payments to Plaintiff. Plaintiff alleges that Defendant remains liable to her on the Pending Entries, as of September 25, 2017, in the amount of $13,450.85, plus attorneys' fees and interest. Defendant denies this. Plaintiff also indicates she has reason to believe that Defendant has continued in fraudulent practices since the filing of her suit; Defendant denies this as well.

Plaintiff commenced this adversary complaint on October 3, 2017, seeking nondischargeability under 11 U.S.C §§ 523(a)(2) and 523(a)(6). Defendant answered the complaint, requesting dismissal.

## DISCUSSION

Federal civil procedure rules regarding summary judgment apply also in adversary proceedings. Fed. R .Bankr. Pro. 7056. In order to succeed on a motion for summary judgment, the movant must show that "there is no dispute as to any material fact," and that the movant is "entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56. In considering the motion, the court must view the evidence in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted). If the moving party meets her burden of showing the absence of genuine issues of fact, the burden shifts to the nonmoving party to establish the existence of a fact requiring trial. Automated Sol. Corp., v. Paragon Data Sys., Inc., 756 F.3d 504, 521 (6th Cir. 2014) (citation omitted). Such a material fact is one having the potential to affect the outcome of the proceeding. Rieser v. Hayslip (In re Canyon Sys. Corp.), 343 B.R. 615, 629 (Bankr. S.D. Ohio 2006).

Plaintiff in this case has claimed that parts of Defendant's debt are nondischargeable for two alternative reasons: the debt was obtained by fraud, and the debt was incurred due to willful and malicious injury to another person or her property. A "debt" is statutorily defined as liability on a claim, which is in turn defined as a right to payment. 11 U.S.C. §§ 101(12), 101(5). Per the Supreme Court, a right to payment is "nothing more nor less than an enforceable obligation." Cohen v. De La Cruz, 523 U.S. 213, 219 (1998), quoting Pennsylvania Dept. of Public Welfare v. Davenport, 495 U.S. 552, 559 (1990). The central question then is whether there exists a dispute as to any material fact that would help prove or disprove the dischargeability of the debts at issue.

Under the Bankruptcy Code, a debt "for money, property, services, or an extension, renewal, or refinancing of credit" will not be discharged, to the extent that it was obtained by

3

"false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C § 523(a)(2)(A). Without limitation, the statutory language "makes clear that the share of money, property, etc., that is obtained by fraud gives rise to a nondischargeable debt." De La Cruz, supra, at 219.

A plaintiff's claim that part of the debtor's debt owes to malicious or willful injury must be proven by the plaintiff herself. In re Klayminc, 37 B.R. 728, 730 (Bankr. S.D. Fla. 1984). The element of willfulness means that the act was "deliberate or intentional." In re Burke, 83 B.R. 716, 722 (Bankr. D.N.D. 1988). Malice, meanwhile, can be evidenced by the debtor's certainty – or near certainty – that the conduct will cause harm to the creditor. Id.

Plaintiff bases her two alternative claims for relief on the same premise: that the Settlement Agreement and Consent Order contain admissions from Defendant that satisfy either or both of the dischargeability exceptions. Therefore, she argues, the doctrine of collateral estoppel should prevent the relitigation of the fraud and malicious injury claims.

It is well established that the doctrine of collateral estoppel applies to bankruptcy proceedings, and can be invoked in nondischargeability actions in order to prevent the relitigation of issues already decided in state court. Brentar v. Nishnic (In re Nishnic), 2006 Bankr. LEXIS 4183 (Bankr. N.D. Ohio 2006), *7. State law, not federal law, determines the preclusive effect of an existing judgment. Id. Ohio law recognizes four factors that must be present in order to apply the doctrine of collateral estoppel:

1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;
2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment;
3) The issue in the present suit must have been identical to the issue in the prior suit;
4) The party against whom estoppel is sought was a party or in privity with the party to the prior action.

Gonzalez v. Moffitt (In re Moffitt), 252 B.R. 916, 921 (B.A.P. 6th Cir. 2000), quoting Murray v. Wilcox (In re Wilcox), 229 B.R. 441, 415-16 (Bankr. N.D. Ohio 1998).

The Sixth Circuit has has found that the creditor must prove the following elements to establish nondischargeability under § 523(a)(2):

1) The debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth;
2) The debtor intended to deceive the creditor;
3) The creditor justifiably relied on the false representation; and
4) Its reliance was the proximate cause of loss.

Nishnic, supra, at 10-11, quoting In re Rembert, 141 F.3d 277, 280-81 (6th Cir. 1998) (citation

4

omitted). This court's sister court observed in Nishnic that the above factors are "substantially similar to the elements of an Ohio fraud claim." Id., at 11. This, then, presents a guide as to which "issues must have been actually and directly litigated" in the prior proceeding, in order for collateral estoppel to apply.

There is at least one element in the Nishnic list that is not indisputably established through the pleadings and exhibits, and thus cannot be applied to the instant case automatically via issue preclusion: Defendant's intent to deceive Plaintiff. Indeed, proof of intent to deceive is not a prerequisite for establishing a violation of R.C. 1345.02. See D&K Roofing, Inc. v. Pleso, 77 Ohio App.3d 181 (Ohio Ct. App. Trumbull County 1991); Thomas v. Sun Furniture & Appliance Co., 61 Ohio App.2d 78 (Ohio Ct. App., Hamilton County 1978). At least one Ohio appellate court has found that the concept of deception does not, under R.C. 1345.02, necessarily implicate mental state *of any type*:

> [T]he place to look to determine the presence of deception is in the state of mind of the consumer, and not at the intent of the supplier. Thus, if the supplier does or says something, regardless of intent, which has the likelihood of inducing in the mind of the consumer a belief which is not in accord with the facts, then the act or statement is deceptive.

Karst v. Goldberg, 88 Ohio App.3d 413, 413 (Ohio Ct. App., Franklin 1993). This means that, without an explicit finding to that effect in the final judgment, the broader finding that Defendant violated R.C. 1345.02 does not on its own establish that element. The consent judgment order does not contain such a finding.

For the above reason, it is equally impossible for the Consent Order or Settlement Agreement, without more, to supply the intent necessary to establish Plaintiff's alternative claim under § 523(a)(6).

The intent of Debtor in promulgating his admittedly deceptive business practices is thus still a material fact very much in question. Nowhere does the language contained within the Settlement Agreement, the Consent Order, or their various respective revisions definitively establish his intent, and R.C. 1345.02 does not provide a useful presumption regarding the matter. Because the prior proceeding cannot supply this court with that material fact through collateral estoppel, and Defendant disputes any intent to make false representations, summary judgment would not be appropriate in this case.

As such, the court will deny Plaintiff's motion for summary judgment by separate order.

# # #

**Service List:**

**Holly Anderson**
1360 Lipton Avenue, S.W.
North Canton, OH 44720

**G. Ian Crawford**
116 Cleveland Avenue, N.W.
Suite 800
Canton, OH 44702

**Anthony James Garman**
1860 Glenmont Drive
Canton, OH 44708

**Edwin H. Breyfogle**
108 Third Street, N.E.
Massillon, OH 44646